IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRESONA MULTIMEDIA, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-4834 |
| v. | ) | |
| | ) | |
| DAVID LEGG, JANE DOE LEGG, | ) | (pending in the U.S. District |
| CUSTOM ARRANGEMENTS LLC, | ) | Court for Arizona as case |
| ANITA CRACAUER, DAVID DALE | ) | 2:14- cv-02141-DGC) |
| CRACAUER,JOHN and JANE DOES | ) | |
| I-Xand XYZ ENTITIES I-V | ) | |
| Defendants, | ) | |
| | ) | |
| BROCK KEIPER, | ) | |
| Discovery Respondent. | ) | |

**MEMORANDUM IN SUPPORT OF
BROCK KEIPER'S MOTION TO QUASH NONPARTY SUBPOENA**

**Rule 37-2 statement**

Keiper was originally served with a subpoena by Tresona on May 13, 2015. Exhibit A, Declaration of Brock Keiper ¶2; Exhibit B, May 8, 2015 Tresona Subpoena to Brock Keiper ("the original subpoena"). Keiper's counsel objected to the original subpoena and requested that it be withdrawn or modified on May 22, 2015. Exhibit C, May 22, 2015 correspondence between McGeehan and Dunn including objections. After their respective counsel agreed to extend the subpoena return date from May 22, 2015 to May 29, 2015, Counsel for Keiper and Tresona conferred regarding Respondent's Objections to the original subpoena via telephone at 3 p.m. on May 27,

2014. After the parties were unable to resolve their disagreement, Plaintiff's counsel declined to withdraw or modify the subpoena and Keiper's counsel indicated that no documents would be produced pursuant to the original subpoena.

Keiper filed a Motion to Quash on June 1, 2015. [D.E. #1]. Following correspondence between the parties on June 8th and 9th, counsel for the parties conferred via telephone in the afternoon of June 10, 2015. The parties agreed that the Plaintiff would be permitted to issue a modified subpoena designating a location in Chicago as the site for production and that Keiper's counsel would accept service of this modified subpoena via email and that Keiper's remaining objections would remain in effect. The modified subpoena was issued on June 12, 2015 and was served on Keiper's counsel via email on June 13, 2015. Exhibit G, June 12, 2015 Tresona subpoena to Keiper ("the modified subpoena"). As the categories of documents sought by the modified subpoena are unchanged from the original subpoena, compare Exhibit B and G, Keiper again seeks to quash the subpoena.

## BACKGROUND

The underlying case was originally filed in Arizona state court and then removed to the U.S. District Court for Arizona by Defendants based on the presence of a federal cause of action. See Exhibit D, Complaint; Exhibit E, *Tresona Multimedia LLC v. Legg*, 2015 WL 470228 (D. Ariz. 2015). After the Defendants moved to dismiss, the Court ruled that the first four counts of the Complaint stated causes of action and dismissed the remaining counts. *Tresona Multimedia,* 2015 WL 470228 at *7-*11.

According to the Complaint, Plaintiff Tresona is a licensing agent for musical works and offers licenses for custom arrangements of certain musical works. *Id.* at *1. Tresona sued David Legg ("Legg"), an arranger, for allegedly breaching the terms of his agreement with Tresona. *Id.* Tresona alleges that Legg took an arrangement with a limited scope license and then sold it to Defendant Custom Arrangements ("CALLC"), which is operated by Defendant Anita Cracauer, as a stock arrangement. *Id.* Tresona alleges that Kidd breached his contract with Tresona and that CALLC and Cracauer (1) tortiously interfered with the Tresona-Legg contract, (2) interfered with Tresona's business expectancy, and (3) violated the Lanham Act by falsely advertising that they could offer licensed works for publishers for which Tresona was the exclusive licensing agent. *Id.* at *1, *7-*11.

Discovery has since opened in the Arizona case. In addition to serving discovery on the parties, *see, e.g.,* Exhibit F, Plaintiff's First Set of Production Requests to Defendant CALLC, Tresona also served third-party subpoenas on a number of arrangers including Respondent Brock Keiper.

Keiper creates custom arrangements for school show choirs. Exhibit A, Keiper Decl. ¶10. In this capacity he has created arrangements licensed through Tresona. Exhibit A, Keiper Decl. ¶11. He also created different arrangements that are distributed by Defendant CALLC. Exhibit A, Keiper Decl. ¶12. Keiper has had an uneven relationship with Tresona. For example, in February 2015, Plaintiff Tresona accused Keiper of copyright infringement and suggested he was engaged in pervasive

wrongdoing.  Exhibit A, Keiper Decl. ¶14; Exhibit A-1, February 18, 2015 email from Greenburg to Keiper; Exhibit A-2, February 21, 2015 email from Greenburg to Keiper.

## ARGUMENT

**A. The Modified Subpoena should be quashed pursuant to FRCP 45(d)(3)(iv) and 26(b)(2)(C) to the extent that it seeks information that duplicates discovery requests served on or is available from a party.**

Under the precedent of this district, courts read Rule 45(d) in conjunction with Rule 26(b).  *See Parker*, F.R.D. at 183; *Ameritox, Ltd. v. Millennium Laboratories, Inc.*, 2012 WL 6568226, *2-*3 (N.D. Ill. 2012).   Under Rule 26(b)(2)(C), the court must limit the extent of discovery otherwise allowable if it determines that the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Courts in this district have applied this provision to nonparty subpoenas by quashing subpoenas directed at nonparties where the information is readily available from a party through discovery.  *Parker*, 291 F.R.D. at 187.  (quashing subpoena seeking business records from nonparty employee that were readily available from corporate employer defendant.); *Ameritox*, 2012 WL 6568226 at *3 (quashing subpoena seeking records from company's nonparty investment manager that were available from the corporate defendant); *In re Heartland Institute,* 2011 WL 1839482, *3-*4 (N.D. Ill. 2011)(refusing to permit discovery against nonparty based on belief that party defendant would not provide responsive documents and ruling that nonparty discovery was not the "least obtrusive means of obtaining such information and borders on harassment.")

In this case, there is a clear duplication of the discovery sought by the subpoena from Keiper and discovery sought from Defendant CALLC. Categories 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, and 17 from the Keiper Subpoena track CALLC Production Requests 2, 8, 4, 6, 7, 9, 8, 5, 11, 12, 16, 13, 15 and 18 respectively. Compare Exhibit G at 1-2 with Exhibit F, Plaintiff's First Set of Production Requests to Defendant CALLC at 4-7. Many are essentially identical as the Subpoena commands that Keiper provide various types of documents and communications between Keiper and CALLC and the Rule 34 Production Requests seek the exact same documents from CALLC.

For example, Subpoena Category 12 directs Keiper to provide detailed burdensome financial information regarding his income from CALLC while Production Request 13 seeks the exact same information from CALLC. Compare Exhibit G at 2 with Exhibit F at 6. Accordingly, the subpoena should be quashed to the extent that it seeks discovery that is duplicative of discovery available from CALLC pursuant to *Heartland Institute*'s instruction that a subpoena proponent should "exhaust other reasonable sources of information" prior to reliance on nonparty subpoenas. 2011 WL 1839482 at *4. In particular, Categories 1-5 and 10-12 should be quashed in their entirety and the remaining requests should be quashed to the extent that they seek information available from CALLC and other parties to this case.

B.   **The Subpoena should be quashed pursuant to FRCP 45(d)(3)(iv) because it is overbroad, unduly burdensome and seeks information that is irrelevant to the Arizona dispute.**

The remaining categories of requests should be quashed as they seek information that is completely unrelated to the subject matter of the Arizona litigation. Nonparty subpoenas are permissible when they designate topics that are reasonably calculated to lead to admissible evidence." *Rosales v. The Placers, Ltd.*, 2011 WL 846082, *1 (N.D. Ill. 2011). At the same time, "subpoenaed non-parties have the right to challenge the burdensomeness and expense of responding to the subpoena as nonparty status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Id.*

As explained in *Romo v. Manpower, Inc.,* No. 09 C 3429 (N.D.Ill. Aug. 2, 2010) cited in *Rosales*, a plaintiff cannot take the position "I'm suing [one defendant], and therefore every entity that may or may not have a relationship with them is now subject to the discovery in the case." *Rosales* at *4. *Rosales* is particularly relevant as that court believed that the litigant was improperly using the nonparty discovery process to determine whether to bring claims against the subpoenaed nonparty. *Id.* at 5. Courts in this district have long cautioned that nonparty subpoena respondents cannot be treated as *de facto* defendants. *Heartland Institute,* 2011 WL 1839482, at *3.

Subpoena Categories 6-10 request correspondence between nonparty Keiper and *any person* on a long list of categories that do not appear to be germane to the Arizona litigation. These categories include communications discussing (a) musical

6

arrangements licensed through Tresona (category 6); (b) musical arrangements licensed thru CALLC or arrangers' deals with CALLC (category 7); (c) prohibitions from publishing musical arrangements licensed through Tresona. (category 8) and (d) CALLC's arrangements with Hal Leonard. (category 9). Category 10 merely appears to be a restatement of category 9. The only named party mentioned in these categories is Defendant Legg, and none of these categories is limited to Legg alone.

The remaining categories are even more overbroad and irrelevant to the original proceeding. For example, Subpoena Category 13 requests "all correspondence, letters, emails, faxes and/or other communication to or from You and any other person(s), or otherwise in Your possession, relating to educational use of copyrighted works and mechanical and/or compulsory licenses." In essence, this request seeks copies of information regarding any license Keiper has entered into in the last 5½ years without regard to any potential relevance to the Arizona litigation. This category has nothing to do with this Arizona case, but suggests that Tresona is on an improper fishing expedition relating to its February 2015 accusations against Keiper. See Exhibit A-1 and A-2. Further, under *Rosales*, Keiper is not subject to unlimited discovery merely because CALLC is a defendant.

Categories 14-17 do not include any named parties as the recipients of the "correspondence" at issue. These categories become progressively broader until Category 17, which is nothing less than an improper omnibus demand. Category 17 requests "[a]ll correspondence, letters, emails, faxes and/ or other communication to or

7

from You and any other person(s), or otherwise in Your possession, relating to Tresona Multimedia, LLC, Mark Greenburg, and/or anyone associated with Tresona." Exhibit F at 2. There is no conceivable relationship between the documents sought by these requests and the allegations in the Arizona complaint. Instead, it appears that Tresona is using the Arizona litigation to take unrelated discovery against nonparties in the hopes that it will discover a cause of action.

*Chaikin v. Fidelity and Guaranty Life Ins. Co.*, 2003 WL 22715826 (N.D. Ill. 2003) is particularly instructive with respect to these overbroad requests. In that case, the plaintiff claimed the defendant induced him into purchasing an annuity by misrepresenting the amount of tax-free income the annuity would generate. *Id.* at *1. The defendant sought discovery from nonparties who also sold financial products to plaintiff. The Court allowed discovery of documents from the nonparties relating to the purchase of the annuity from the defendants, but quashed discovery of documents relating to the nonparties' evaluation of other annuities for plaintiff's purchase or the third parties' communications with plaintiff. *Id.* at *1-*2. Accordingly, under *Chaikin*, nonparty discovery is limited to the factual situation presented by the original complaint, and does not permit discovery as to all interactions a nonparty may have had with one of the parties to the case. Accordingly, under *Chaikin*, categories 6-10 and 13-17 are overbroad and should be quashed.

Additionally, were the Court to require Keiper to respond to these requests as written, it would impose a significant burden on him. Keiper estimates that it would

8

take him the better part of a week collect all of 1000-2000 documents that appear facially responsive to these overbroad requests. Exhibit A, Keiper Decl. ¶15. Accordingly, categories 6-10 and 13-17 should be quashed pursuant to Rule 45(d)(3)(A)(iv).

## Conclusion

WHEREFORE nonparty Brock Keiper moves that the subpoena served upon him by Plaintiff Tresona Multimedia be quashed pursuant to Rule 45(d)(3)(A) and for such other relief as this Court may deem appropriate.

Respectfully submitted,

Dated: June 19, 2015

/s/ Christopher J. McGeehan
Christopher J. McGeehan (ARDC 6279619)
McGeehan Technology Law, Ltd.
4128 N Clarendon Ave #220
Chicago, IL 60613
(872) 221-0970
chris@newidealaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2015, **Nonparty Subpoena Respondent Brock Keiper's Memorandum in Support of his Motion to Quash** is being filed electronically with the Clerk of Court using the CM/ECF system. The following parties will receive service via the CM/ECF system.

> Debra J. Tucker
> THE TUCKER FIRM LLC
> 540 North LaSalle Street
> Chicago, Illinois 60654
> (312) 202-0222
> (312) 202-0444
> dtucker@thetuckerfirm.com
> Attorneys for Plaintiff Tresona Multimedia LLC

Copies of these documents are being served via email on

> Brad Alan Denton
> Larry Alan Dunn
> Gunderson Denton & Peterson PC
> 1930 N Arboleda Rd., Ste. 201
> Mesa, AZ 85213
> 480-655-7440
> 480-655-7099 (fax)
> Brad@GundersonDenton.com
> Larry@GundersonDenton.com
> Attorneys for Plaintiff Tresona Multimedia LLC

> Teresa Marie Beck
> Lincoln Gustafson & Cercos LLP
> 225 Broadway, 20th Fl.
> San Diego, CA 92101
> 619-233-1150
> 619-233-6949 (fax)
> tbeck@lgclawoffice.com
> Attorney for Defendant David Legg

Joshua Samuel Becker
Becker Peters PLLC
9375 E Shea Blvd., Ste. 100
Scottsdale, AZ 85280
480-214-9550
480-463-4390 (fax)
josh@beckerpeters.com
Attorney for Defendants Custom Arrangements LLC and Anita Cracauer

Dean C Eyler
Richard C Landon
Gray Plant Mooty Mooty & Bennett PA
500 IDS Center
80 S 8th St.
Minneapolis, MN 55402-3796
612-632-3000
612-632-4444 (fax)
dean.eyler@gpmlaw.com
richard.landon@gpmlaw.com
Attorney for Defendants Custom Arrangements LLC and Anita Cracauer


            Respectfully submitted,

Dated: June 1, 2015     /s/ Christopher J. McGeehan
            Christopher J. McGeehan (ARDC 6279619)
            McGeehan Technology Law, Ltd.
            4128 N Clarendon Ave #220
            Chicago, IL 60613
            (872) 221-0970
            chris@newidealaw.com